**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMES BOYD, ID # 01171419,**          ) | |
|            **Plaintiff,**                             ) | |
| vs.                                                              ) | No. 3:15-CV-0845-P-BH |
|                                                                       ) | |
| **OFFICER WHITE,**                                ) | |
|            **Defendant.**                           ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received April 14, 2015 (doc. 5). Based on the relevant filings and applicable law, the application should be denied, and this action should be summarily **DISMISSED** as barred by the "three-strikes" rule unless the plaintiff timely pays the filing fee.

**I.  BACKGROUND**

James Boyd ("Plaintiff"), an inmate confined at the Red Onion State Jail in Pound, Virginia, filed this case against Officer White (Defendant). His sole allegation concerning any act or omission by Defendant states, "fix on my risk". He seeks leave to proceed *in forma pauperis*. (*See* docs. 5,6.)

**II.  THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. The Fifth Circuit has held that the plaintiff must show "imminent danger

at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam).

Plaintiff's current filing falls under the "three-strikes" provision because he has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Boyd v. Olson*, No. 7:02-CV-0074 (W.D. Va. Jan. 24, 2002); *Boyd v. None Named*, No. 7:02-CV-0598 (W.D. Va. April 24, 2002); *Boyd v. Simpson*, No. 7:02-CV-0646 (W.D. Va. May 13, 2002). He has also filed several prior actions in this district that have been dismissed based on the three-strikes provision. *See Boyd v. Moore*, No 3:11-cv-2357-D (N.D. Tex. Oct. 24, 2011); *Boyd v. Sweeney*, No 3:11-cv-747-D (N.D. Tex. June 29, 2011); *Boyd v. Shelton*, 3:08-CV-1520-P (N.D. Tex. Nov. 12, 2008); *Boyd v. Kasper*, No 3:06-cv-2159-B (N.D. Tex. Jan. 3, 2007); *Boyd v. Phipps*, No. 3:06-CV-2095-G (N.D. Tex. Dec. 13, 2006). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff does not even allege that he is in imminent danger of serious physical injury, so he must prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's *in forma pauperis* application should be denied, and his action should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the applicable filing fees[1] before acceptance of this recommendation or a deadline otherwise set by the Court.

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**SIGNED this 20th day of April, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE